UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ERIC J. DUARTE,  )<br>  )<br>         Plaintiff,  )<br>  )<br>         v.  )<br>  )<br>COM. OF MASSACHUSETTS ET AL.  )<br>  )<br>         Defendants.  )<br>  ) | Civil Action No.<br>23-12681-DJC |

### ORDER DISMISSING CASE

**CASPER, D.J.**                                                                                   **March 29, 2024**

Plaintiff Eric J. Duarte's action is hereby <u>DISMISSED</u> without prejudice pursuant to 28 U.S.C. § 1915A(a) as frivolous and for failure to state a claim upon which relief can be granted. Section 1915A authorizes federal courts to dismiss a complaint *sua sponte* if a prisoner's[1] claims are frivolous or malicious, fail to state a claim on which relief can be granted, or seek monetary relief against a defendant who is immune from such relief. <u>See</u> 28 U.S.C. § 1915A(b)(1). In conducting this review, the Court liberally construes Duarte's complaint because he is proceeding *pro se*. <u>See</u> <u>Haines v. Kerner</u>, 404 U.S. 519, 520-21 (1972).

Upon screening, the complaint is dismissed without prejudice pursuant to 28 U.S.C..§ 1915A(b)(1) because it is largely based theories of mind reading and control, among other allegations. <u>See e.g.</u>, Compl. ¶ 37-38, 40-41, 43, 46- 48, 55-57, 59, 66, 68-73, 77, 79, 80, 83, 85,

---

[1] Duarte claims that he is a pretrial detainee. <u>See</u> Notice, D. 3. Pursuant to 28 U.S.C. § 1915A(c), "the term 'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program."

91-92, 94-96.  No matter how sincerely Duarte asserts such allegations, they fail to state a claim.  See Aboussa v. New Hampshire, No. 22-CV-284-LM, 2023 WL 6317936, at *5 (D.N.H. Sept. 28, 2023); Payne v. Contra Costa Sheriff's Dept., No. C 02-2382CRB(PR), 2002 WL 1310748, at *1 (N.D. Cal. June 10, 2002).  Because Duarte has several other actions pending in this district[2] and the courts of the Commonwealth, that might or might not overlap with this action, the Court dismisses the action without prejudice.  Duarte's motion to proceed *in forma pauperis* (D. 2) is DENIED inasmuch as it does not include a complete 6-month prisoner account statement.  See 28 U.S.C. 1915(a)(2).

Accordingly, this action is DISMISSED without prejudice pursuant to 28 U.S.C. § 1915A(b)(1) as frivolous and for failure to state  claim upon which relief can be granted.  The Clerk is directed to enter a separate order of dismissal.

**So Ordered.**

/s Denise J. Casper
Denise J. Casper
United States District Judge

---

[2] Duarte has filed fourteen civil actions in the District of Massachusetts since May 2023.  On the same date this action was filed, Duarte filed three other actions in this district, all of which are closed: Duarte v. NCSO et al., 1:23-cv-12675-RGS; Duarte v. Department of Justice et al., 1:23-cv-12677-FDS; and Duarte v. Commonwealth et al., 1:23-cv-12678-LTS.  Ten additional actions were filed between May2023 and  March 2024 , eight of which are still pending. See Duarte v. Frane et al., 1:23-cv-11009-NMG; Duarte v. Norfolk County Sheriff's Office et al., 1:23-cv-11725-NMG; ; Duarte v. Bridgewater State Hospital et al.,1:23-cv-11771-MJJ; Duarte v. United States District Court et al., 1:23-cv-11933; Duarte v. John Doe et al., 1:23-cv-12159-NMG; Duarte v. Department of Justice et al., 1:23-cv-12388-MJJ; Duarte v. Bridgewater State Hospital, 24-10592-JCB;and Duarte v. N.C.S.O., 24-10643-NMG..